UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTWOINE BEALER,
CDCR #F-06798,

Plaintiff,

vs.

CDCR, et al.,

Defendants.

Case No.: 3:26-cv-00205-RBM-DEB

**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

**(Doc. 1)**

Plaintiff Antwoine Bealer, currently incarcerated at Calipatria State Prison ("CAL") and proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983 requesting only injunctive relief and challenging the adequacy of the medical and dental care he has received while in California Department of Corrections and Rehabilitation ("CDCR") custody at five separate prisons and over the course of seventeen years. (*See* Doc. 1 at 1–4, 10–13.) Plaintiff has paid the full civil filing fee required by 28 U.S.C. § 1914(a). (*See* Doc. 2, Receipt No. 166513.)[1]

---

[1] The Court takes judicial notice that Plaintiff is no longer entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) because while incarcerated he has had more than three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state

For the reasons explained, the Court screens and **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Legal Standards

Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856

---

a claim. *See, e.g., Bealer v. Wilson,* No. 1:16-cv-00672-DAD-SAB (E.D. Cal. Feb. 17, 2017) (Findings & Recommendations ["F&Rs"] to dismiss First Amended Complaint for Failure to State a Cognizable Claim for Relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A) (Doc. 16); *id.*, (E.D. Cal. May 16, 2017) (Order Adopting F&Rs) (Doc. 21) (strike one); *Bealer v. Kern Valley State Prison*, Case No. 1:16-cv-00367-LJO-SKO (PC), 2018 WL 2229257, at *5 (E.D. Cal. May 16, 2018) (F&Rs to Dismiss for Failure to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A) (Doc. 21), *id.*, (E.D. Cal. June 12, 2018) (Order Adopting F&Rs) (Doc. 25), *aff'd,* 740 F. App'x 611 (9th Cir. 2018), *cert. denied*, 589 U.S. 1146 (2020) (strike two); *Bealer v. Warden of Kern Valley State Prison*, No. 1:17-CV-01277-LJO-SAB PC, 2018 WL 4191869, at *4 (E.D. Cal. Aug. 31, 2018) (F&Rs to Dismiss Action for Failure to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)) (Doc. 27), *report and recommendation adopted,* 2018 WL 10582186 (E.D. Cal. Oct. 25, 2018) (Doc. 33) (strike three); *Bealer v. Warden of Kern Valley State Prison*, No. 18-17306, 2019 WL 6528848, at *1 (9th Cir. Apr. 18, 2019) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) (strike four); and *Bealer v. Kern Valley State Prison Classification Comm.*, No. 1:18-CV-01170-DAD-SAB PC, 2019 WL 5448300, at *7 (E.D. Cal. Oct. 24, 2019) (F&Rs to Dismiss Second Amended Complaint for Failure to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)) (Doc. 30), *report and recommendation adopted*, 2019 WL 6894049 (E.D. Cal. Dec. 18, 2019) (Doc. 32) (strike five).

F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8 "prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: a short and plain statement of the claim showing that [he] is entitled to relief." *Berk v. Choy*, 607 U.S. 187, 193 (2026) (citing Fed. Rule Civ. Proc. 8(a)(2)). Together, Rules 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are unnecessary, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* Dismissal "under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Valame v. Trump,* 157 F.4th 1172, 1173 (9th Cir. 2025) (per curiam) (citing *Somers v. Apple, Inc*. 729 F.3d 953, 959 (9th Cir. 2013)).

And while a *pro se* pleading "is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)), a plaintiff must nevertheless allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citation omitted).

**B. Allegations in the Complaint**

Plaintiff is now incarcerated at CAL, but in his Complaint contends he has "experienc[ed] serious tooth pain," and has had "issues with his feet, neck, and back" for seventeen years over the course of his incarceration at CAL, High Desert State Prison ("HDSP"), California Treatment Facility ("CTF"), Corcoran ("COR"), and Centinela ("CEN") State Prisons. (Doc. 1 at 1, 4, 10–17.)

First, Plaintiff alleges to have "submitted numerous 7362 Medical Forms" related to his tooth pain, infections, and decay. He claims a root canal "or other similar treatment is medically necessary to stop the pain and loss of his tooth," and contends without further elaboration that Defendants CDCR, California Correctional Health Care Services ("CCHCS") and California Department of Health Care Services ("DHCS"), the entities "responsible for medical treatment of all individuals incarcerated in California," have all acted with "indifferen[ce]" and "negligence" to his needs by authorizing only an extraction in violation of the Eighth Amendment. (*Id.* at 4, 10.)

Second, Plaintiff claims these same three institutional entities, together with CDCR's Inmate Dental Services Program ("IDSP"), J. Clark Kelso, Federal Receiver of CDCR, Diana Toche, Undersecretary of CCHCS, Gena Davis, CDCR's Director of Adult Institutions, Joseph Williams, Director of Corrections Services, Joseph Bick and Lara Saich, Directors of DHCS, Brittany Brizendine, Director of CCHCS, Kevin Myers, Director of Dental Services, and John Does 1–10, all unnamed doctors and dentists at HDSP, CTF, CAL and CEN, have also subjected him to cruel and unusual punishment by "refusing to provide proper treatment" for his infections, back pain, and a recurrent foot and toe fungus since 2008. (*Id.* at 4, 12.) Plaintiff alleges that for nearly two decades, he requested specific treatments with "medical staff" and unnamed "doctors" at COR, HDSP, CTF, CAL, and CEN. And while he admits he has been prescribed repeated courses of fluconazole, ciclopirox, back ointment and patches, ibuprofen, and Tylenol, he nevertheless complains of having been denied a comprehensive exam or evaluation of his foot or toe, and refused an MRI to determine the source of his neck and back pain. (*Id.* at 2–3, 11–13, 17.)

Based on these broad and generalized allegations, Plaintiff seeks a jury trial to "decide the question(s) of fact and the law" and injunctive relief "preventing defendants from denying [him] a[] root canal." (*Id.* at 8, 18.)

///

///

**C. Discussion**

For all the reasons explained below, the Court finds Plaintiff's Complaint fails to state a plausible Eighth Amendment claim for injunctive relief against any of the named or unnamed Defendants and therefore must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). *See Olivas*, 856 F.3d at 1283. And while the Court grants Plaintiff leave to amend, it further limits the scope of any amended pleading he may wish to file to only timely individual liability claims for relief arising at either CEN or CAL.

**1. Eleventh Amendment & Official Capacity Claims**

First, to the extent all named Defendants are either entities of the State of California or high-ranking departmental officials alleged broadly to be "responsible for promoting 'organized decision making,'" "implement[ing] health care policies and procedures for all health care personnel," "oversee[ing] the dental care policies[] and procedures for inmates," and sued in their official capacities (*see* Doc. 1 at 9, 13, 15), Plaintiff's § 1983 claims "are limited by the scope of the Eleventh Amendment." *Doe v. Lawrence Livermore Nat'l Lab'y*., 131 F.3d 836, 839 (9th Cir. 1997). The Eleventh Amendment prohibits § 1983 suits against a state or its agencies in federal court unless the State waives its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). "California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Brown v. Cal. Dep't of Corr*., 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the CDCR, CCHCS, DHCS, and IDSP, all agencies, arms, or sub-divisions of the State, are not proper Defendants as to Plaintiff's § 1983 claims. *See Papasan v. Allain,* 478 U.S. 265, 276–77 (1986) (Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.").

///

Second, and with respect to the CDCR officials sued in their official capacities (Kelso, Toche, Davis, Williams, Bick, Saich, Brizendine, Myers, and John Does 1–10),[2] the analysis is slightly different. Generally, because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself," state officials sued in their official capacities are entitled to immunity in a § 1983 action. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Holley v. Cal. Dep't of Corrs.,* 599 F.3d 1108, 1111 (9th Cir. 2010) ("For sovereign-immunity purposes, we treat Holley's suit against state officials in their official capacities as a suit against the state of California."). There is, however, a "narrow, but well-established exception." *Flint*, 488 F.3d at 825. "When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes," and the Eleventh Amendment does not bar such relief. *Id.*; *see also Agua Caliente Bd. of Cahuilla Indians v. Hardin*, 223 F.3d 1041,

---

[2] The Court notes that while the use of fictitiously named "Doe" defendants is generally not favored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants. *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989). As currently pleaded, however, Plaintiff's Complaint fails to make any specific allegations against any unidentified Doe. (*See* Doc. 1 at 3.) Like the entity and high-level supervisory Defendants, Plaintiff merely lists Does 1–10 in his list of Defendants, alleges they are "employed as doctors (dentists included) in HDSP, CTF, CAL and CEN," and purports to sue them in both their individual and official capacities. (*Id.*) Like the other Defendants, however, Plaintiff claims only that the Does "denied [him] necessary treatment," and fails to allege any individual doctor or dentist could respond to his request for injunctive relief. *Hartmann*., 707 F.3d at 1127. As such, no official-capacity claim against any Doe may proceed. *Id.* Further, to the extent Plaintiff may wish to amend in light of this Order and sue individual doctors or dentists at CAL or CEN in their individual capacity for monetary damages based on their deliberate indifference to any specific serious medical or dental need, he must identify them individually (*i.e.* Dr. Doe 1, Dr. Doe 2, etc.), and describe what each unnamed Doe did to cause him specific harm. *See Cuda v. Employees/Contractors/Agents at or OCCC,* CIV. NO. 19-00084 DKW-KJM, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019) ("A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights.").

1046 (9th Cir. 2000) (recognizing *Ex parte Young* exception to Eleventh Amendment immunity "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.").

Here, Plaintiff sues all the individually-named Defendants in both their individual and official capacities, and he seeks injunctive relief preventing all Defendants "from denying [him] a root canal." (*See* Doc. 1 at 2–3, 8.) To plead a cognizable official-capacity claim for prospective injunctive relief against a state official, however, Plaintiff must first "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). In addition, Plaintiff must allege facts to show the specific state official sued for prospective injunctive relief has "some direct connection with the enforcement of the [allegedly unconstitutional] act." *Los Angeles Cnty. Bar Ass'n v. March Fong Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (alteration in original) (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)) (internal quotation marks omitted); *see also Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (noting that official capacity claims require that a plaintiff demonstrate that there is a causal connection between the defendant's official duties and any injury suffered by the plaintiff, and that there is a direct connection between the official and the challenged policy). Finally, for the prospective injunctive relief exception to Eleventh Amendment immunity to apply, Plaintiff must establish an ongoing or continuing violation of federal law. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (noting injunctive relief against state official is barred in cases where there is "no claimed continuing violation of federal law"); *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019) ("[U]nder the principle established in *Ex parte Young* …, private individuals may sue state officials in federal court for *prospective* relief from *ongoing* violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity.") (second emphasis added).

///

As pleaded, the Court finds Plaintiff's official-capacity claims against Defendants Kelso, Toche, Davis, Bick, Williams, Saich, Brizendine, and Myers also fail to state any plausible claim for relief. While Plaintiff contends broadly that each of these parties are "responsible for medical [or dental or mental health] care treatment of all individuals incarcerated in California facilities," he points only to their supervisory responsibilities, "visionary leadership," management, and oversight over "all health care provider services on a statewide basis," and fails to identify any specific medical or dental care policy enforced or implemented by any of them that has a direct causal connection to any continuing Eighth Amendment violation. (*See* Doc. 1 at 2–3, 13–15); *Hartmann,* 707 F.3d at 1127; *Planned Parenthood of Idaho,* 376 F.3d at 919. "[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing [a] challenged provision [or policy] will not subject an official to suit." *Planned Parenthood of Idaho,* 376 F.3d at 919. Thus, even if Defendants Kelso, Toche, Davis, Bick, Williams, Saich, Brizendine, and Myers could potentially respond to his request for injunctive relief in their official capacities, Plaintiff has not stated a plausible entitlement to such relief because he has not adequately identified any specific medical or dental policy or procedure—implemented or enforced with respect to the care of his teeth, feet, neck, or back—that is both ongoing and unconstitutional. *See Hartman*, 707 F.3d at 1127; *Green*, 474 U.S. at 73.

**2. Eighth Amendment Inadequate Medical Care Claims**

Finally, Plaintiff's claim for injunctive relief fails to adequately allege any ongoing constitutional violation committed by any of the named Defendants—regardless of whether they are alleged to have acted in either their official or individual capacities. *See Green*, 474 U.S. at 73 (noting that if "[t]here is no claimed continuing violation of federal law, [there is] no occasion to issue an injunction."). As noted, Plaintiff's suit rests on his Eighth Amendment right to adequate medical care, and more specifically, his "serious tooth pain" and "issues with his feet, neck, and back." (Doc. 1 at 4.)

///

With respect to his dental care, Plaintiff claims "the tooth he has been complaining about is vital, and serves a primary role in mastication." (*Id.* at 10.) He seeks a root canal instead of an extraction, concludes CCHCS is both "indifferent" and "negligen[t]" for failure to authorize this, and faults the IDSP and Kevin Myers, the Director of Dental Services, as responsible for "overseeing" all dental care policies and procedures throughout the CDCR. (*Id.* at 10, 15.) With respect to his feet, Plaintiff claims he first reported foot and toenail fungus in 2010, and admits he was prescribed several different kinds of antibiotic and anti-fungal medications by unidentified doctors at unspecified prisons over the course of the following 14 years. He objects to the medication prescribed, however, because it failed to "cure" him, and might "subject him to liver damage," which he concedes he has yet to suffer. (*Id.* at 4, 11–12.) Last, Plaintiff alleges he first reported neck and back pain to "medical staff" at COR in 2008. (*Id.* at 12.) He summarily claims to have "endured unnecessary pain for approximately seventeen (17) years," for which he concedes to have been prescribed pain medication. Still, he objects because he was refused an MRI or back brace. (*Id.* at 13.)

But nowhere does Plaintiff allege facts sufficient to show any of the supervisory officials he names as parties (Defendants Kelso, Toche, Davis, Bick, Williams, Saich, Brizendine, and Myers) acted, either in their individual or official capacities, to implement or enforce any specific state policy that caused a continuing violation of federal law—and more specifically, his Eighth Amendment right to adequate medical care. *See Green,* 474 U.S. at 73; *Planned Parenthood of Idaho*, 376 F.3d at 919 (requiring a "fairly direct" causal connection between a named state officer and enforcement of a challenged state law); *Hartmann*, 707 F.3d at 1129 (affirming dismissal of injunctive relief claims where complaint alleged only that the official capacity agency defendants "operat[ed] under CDCR control" and failed to further show "the requisite causal nexus" between the named defendants and the "adoption, regulation, or revision" of an allegedly unconstitutional state policy).

///

Nor does Plaintiff implicate any of his *treating* physicians or dentists at either CAL or CEN, or name them as Defendants. Generally, an official is liable under § 1983 only if "culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Brewer v. McGuinness,* No. 1:07-cv-00120-AWI-GSA PC, 2009 WL 2781100, at *2 (E.D. Cal. Aug. 31, 2009), *report and recommendation adopted,* 2009 WL 3565861 (E.D. Cal. Oct. 27, 2009) (noting that liability in § 1983 case must "be premised on [a] Defendant's personal involvement in responding to Plaintiff's medical care complaints," and not merely his "official position.").

And while a denial or delay of medical care for a prisoner's serious medical needs may rise to the level of a constitutional violation, *Estelle*, 429 U.S. at 104–05, "[i]n order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle*, 429 U.S. at 104). To show deliberate indifference, Plaintiff must allege facts to plausibly show each person he seeks to sue "kn[e]w[] of and disregard[ed] an excessive risk to [his] health or safety; the official must both [have] be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must [have] also draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014). In short. "[d]eliberate indifference is a high legal standard[,]" and allegations of "medical malpractice or negligence [are] insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

As pleaded, the Court finds Plaintiff's Complaint fails to meet any of these basic pleading requirements, and more essentially violates Rule 8's "fundamental purpose" which is to "provide defendants with adequate notice of [his] claims." *Gibson v. Cnty. of Portland*, 165 F.3d 1265, 1290 (9th Cir. 2026). While Plaintiff recounts a history of dissatisfaction with the level of medical and dental attention he has received over more than a decade, he broadly attributes these failures only to supervisory officials purportedly responsible for implementing systemic prison policy. *See Planned Parenthood of Idaho,* 376 F.3d at 919. As such, his Complaint contains only "[t]hreadbare recitals of the elements of a[n Eighth Amendment] cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. It further fails to "tie factual averments against specific parties" to any discrete decision, policy implementation, treatment inadequacy, denial, or delay of medical or dental care that caused him actual and continuing harm. *Gibson*, 165 F.3d at 1290; *Green,* 474 U.S. at 73; *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) ("[I]nadvertent failure[s] to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim."). In short, a "shotgun pleading" like Plaintiff's requires dismissal because it "contains multiple counts, incorporate[s] allegations for all preceding counts, [] is conclusory and vague; and [] asserts multiple claims against multiple defendants without identifying who did what." *Gibson*, 165 F.3d at 1291.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint in its entirety for failure to comply with Federal Rule of Civil Procedure Rule 8(a)(1) and (2), and for failure state a plausible and ongoing Eighth Amendment claim for relief attributable to any of the named Defendants. *See* 28 U.S.C. § 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Olivas,* 856 F.3d at 1283.

**D. Limited Leave to Amend**

Given Plaintiff's *pro se* status, the Court grants him leave to amend any timely inadequate medical care claim arising at either CAL or CEN and involving only individually-named doctors or dentists he may wish to sue for having personally violated

his Eighth Amendment rights. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). If Plaintiff chooses to proceed, however, his Amended Complaint must be complete by itself and may include only *timely* inadequate medical care claims arising within the Southern District of California. *See* 28 U.S.C. §§ 84(d), 1391(b); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (noting that the statute of limitations for an action under 42 U.S.C. § 1983 is determined by "the statute of limitations for personal injury actions in the forum state," which is two years in California). Any Eighth Amendment allegations that fail to meet the pleading standards explained in this Order, any claim accruing outside the limitations period, or inadequate medical care claims arising at any prison outside the Southern District of California, will be dismissed or stricken without further leave to amend. *See Temple of 1001 Buddhas v. City of Fremont,* No. 22-15863, 2023 WL 4399243, at *1 (9th Cir. July 7, 2023) (finding no abuse of discretion when district court barred plaintiff from adding new claims after it had dismissed the complaint "with leave to amend only certain claims"); *Ferris v. Santa Clara Cnty.,* 891 F.2d 715, 719 (9th Cir. 1989) (finding no abuse of discretion when district court struck amended complaint adding an entirely new claim); *Dr. Seuss Enters., L.P. v. ComicMix LLC,* 300 F. Supp. 3d 1073, 1083 n.7 (S.D. Cal. 2017) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken.") (citing *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (striking amended complaint where plaintiff "exceeded the authorization to amend the court granted.").

///

///

## II. CONCLUSION

For all the reasons explained, the Court:

(1) **DISMISSES** Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 8(a)(1), (2) and 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted; and

(2) **GRANTS** Plaintiff leave to file an Amended Complaint **on or before September 14, 2026,** which cures his pleading deficiencies as explained *and as limited by § I.D of this Order*. Plaintiff's Amended Complaint must also be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint **on or before September 14, 2026**, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C § 1915A(b)(1) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 27, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE